UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **Azure Networks, LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 6:15-cv-00028 |
| § | |
| **Toshiba America Information Systems, Inc.** § | |
| **and** Toshiba Corporation., § | JURY TRIAL DEMANDED |
| § | |
| *Defendants*. § | |
| § | |
| § | |
| § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Azure Networks, LLC ("Azure") complains against Defendants Toshiba America Information Systems, Inc. ("Toshiba America") and Toshiba Corporation ("Toshiba Corp.") (collectively "Toshiba" or "Defendant") as follows:

**THE PARTIES**

1. Plaintiff **Azure Networks, LLC ("Azure")** is a Texas limited liability company having its principal place of business in Longview, Texas. Azure is the exclusive licensee of the Asserted Patents, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under each of the Asserted Patents, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the Asserted Patents without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the

License to maintain, enforce, or defend the Asserted Patents, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Asserted Patents and pursuing and entering into any settlement related to a claim of infringement. Azure has standing to sue for infringement of the Asserted Patents.

2. The Asserted Patents are owned by third-party Tri-County Excelsior Foundation ("TCEF"), a Texas non-profit corporation that serves as a supporting organization to Court Appointed Special Advocates of Harrison County ("CASA of Harrison County"). CASA of Harrison County, which has its principal place of business in Marshall, Texas, provides trained, court-appointed volunteer advocates who serve as 'the voice in court' for children in Harrison County who are victims of neglect as well as physical, sexual and emotional abuse.

3. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 7,756,129 ("the '129 Patent")** entitled "Personal Area Network with Automatic Attachment and Detachment." The '129 Patent was duly and legally issued on July 13, 2010. A true and correct copy of the '129 Patent is attached as Exhibit A.

4. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,582,570 ("the '570 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '570 Patent was duly and legally issued on November 12, 2013. A true and correct copy of the '570 Patent is attached as Exhibit B. The term "Asserted Patents" includes the '570 Patent.

5. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,582,571 ("the '571 Patent")** entitled "Personal Area Network Apparatus."

The '571 Patent was duly and legally issued on November 12, 2013. A true and correct copy of the '571 Patent is attached as Exhibit C. The term "Asserted Patents" includes the '571 Patent.

6. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,588,196 ("the '196 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '196 Patent was duly and legally issued on November 19, 2013. A true and correct copy of the '196 Patent is attached as Exhibit D. As used herein, the term "Asserted Patents" includes the '196 Patent.

7. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,588,231 ("the '231 Patent")** entitled "Personal Area Network Apparatus." The '231 Patent was duly and legally issued on November 19, 2013. A true and correct copy of the '231 Patent is attached as Exhibit E. As used herein, the term "Asserted Patents" includes the '231 Patent.

8. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,589,599 ("the '599 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '599 Patent was duly and legally issued on November 19, 2013. A true and correct copy of the '599 Patent is attached as Exhibit F. As used herein, the term "Asserted Patents" includes the '599 Patent.

9. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,675,590 ("the '590 Patent")** entitled "Personal Area Network With Automatic Attachment and Detachment." The '590 Patent was duly and legally issued on March 18, 2014. A true and correct copy of the '590 Patent is attached as Exhibit G. As used herein, the term "Asserted Patents" includes the '590 Patent.

10. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,683,092 ("the '092 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '092 Patent was duly and legally issued on March 25, 2014. A true and correct copy of the '092 Patent is attached as Exhibit H. As used herein, the term "Asserted Patents" includes the '092 Patent.

11. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,732,347 ("the '347 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '347 Patent was duly and legally issued on May 20, 2014. A true and correct copy of the '347 Patent is attached as Exhibit I. The term "Asserted Patents" includes the '347 Patent.

12. Defendant **Toshiba Corporation ("Toshiba Corp.")** is a Japanese corporation that maintains its principal place of business in Tokyo, Japan. Toshiba Corp. may be served via its Officers and/or Directors at its corporate headquarters at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-8001, Japan.

13. Defendant **Toshiba America Information Systems, Inc. ("Toshiba America")** is a California corporation with its principal place of business at Irvine, California. Toshiba America may be served via its registered agent CT Corporation System located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

14. On information and belief, Defendant Toshiba America Information Systems, Inc. is an indirect subsidiary of Defendant Toshiba Corporation.

15. Defendants Toshiba America Information Systems, Inc. and Toshiba Corporation together are hereinafter collectively referred to as the "**Defendant**."

16. Defendant is doing business, directly and/or through subsidiaries or intermediaries, in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by designing, marketing, testing, making, using, selling, importing, and/or offering for sale products and systems that infringe the patent claims involved in this action or by transacting other business in this District.

## JURISDICTION AND VENUE

17. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. On information and belief, each Defendant, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

19. On information and belief, each Defendant has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute. Venue is proper in the

Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

20. Defendant has been and is now designing, marketing, testing, making, using, selling, distributing, importing, and/or offering for sale in the United States various electronic products and systems incorporating Wi-Fi Direct wireless technology. Representative products and systems which infringe one or more claims of the Asserted Patents ("Infringing Products") include without limitation at least Toshiba-branded and/or Toshiba-produced Blu-ray disc players (Symbio BDX3400, Symbio BDX3500) and tablet computers (AT10LE-A-108) including all reasonably-similar products and systems and variants thereof known to Defendant.

21. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) directly, through subsidiaries or intermediaries, and/or through the inducement of others, one or more claims of the Asserted Patents by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Infringing Products, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

22. Azure has been and continues to be damaged as a result of Defendant's infringing conduct. Defendant is, therefore, liable to Azure in an amount that adequately compensates Azure for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23. Defendant has failed to obtain permission from Azure to make, use, offer to sell, sell, or import products incorporating the inventions claimed in the Asserted Patents.

24. Defendant's infringement of the Asserted Patents is willful.

25. Each Defendant is individually liable and is jointly and severally liable with its co-defendants for patent infringement.

26. For each count of infringement listed below, Azure incorporates and realleges the allegations contained in the preceding paragraphs above including these General Allegations as if fully set forth in each count of infringement.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,576,129

27. Defendant has been and is now directly infringing the '129 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

28. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '129 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 27 of the '129 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '129 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '129 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

29. As a result of Defendant's infringement of the '129 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,582,571

30. Defendant has been and is now directly infringing the '571 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

31. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '571 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '571 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '571 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '571 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

32. As a result of Defendant's infringement of the '571 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,589,599

33. Defendant has been and is now directly infringing the '599 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

34. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '599 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 19 of the '599 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '599 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '599 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

35. As a result of Defendant's infringement of the '599 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT IV

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,675,590

36. Defendant has been and is now directly infringing the '590 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

37. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '590 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 40 of the '590 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '590 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '590 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

38. As a result of Defendant's infringement of the '590 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,683,092

39. Defendant has been and is now directly infringing the '092 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

40. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '092 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '092 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '092 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '092 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

41. As a result of Defendant's infringement of the '092 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT VI

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,732,347

42. Defendant has been and is now directly infringing the '347 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

43. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '347 Patent by making, using, testing, making available for another's use, offering to

license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 31 of the '347 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '347 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '347 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

44. As a result of Defendant's infringement of the '347 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT VII

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,582,570

45. Defendant has been and is now directly infringing the '570 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

46. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '570 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 7 of the '570 Patent because the Infringing Products incorporate

Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '570 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '570 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

47.     As a result of Defendant's infringement of the '570 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT XIII

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,588,196

48.     Defendant has been and is now directly infringing the '196 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

49.     Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '196 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 27 of the '196 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '196 Patent by selling and offering to sell the Infringing Products directly and via sales

representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '196 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

50. As a result of Defendant's infringement of the '196 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT IX

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,588,231

51. Defendant has been and is now directly infringing the '231 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

52. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '231 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claims 2 and 31 of the '231 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '231 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '231 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

53. As a result of Defendant's infringement of the '231 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT X

## DEFENDANT'S INDUCEMENT OF INFRINGEMENT

54. Defendant, directly and/or through subsidiaries or intermediaries, has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the Asserted Patents. Defendant's deliberate and/or willfully blind actions include, but are not limited to, actively marketing to, supplying, causing the supply to, encouraging, recruiting, and instructing others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers, to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the Infringing Products. These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers. Defendant knew and/or was willfully blind to the fact that the induced parties' use, testing, making available for another's use, promotion, marketing, distributing, importing, selling and/or offering to sell the Infringing Products would infringe one or more of the Asserted Patents.

55. At least by filing and serving this Original Complaint for Patent Infringement, Azure has given Defendant written notice of the infringement. Furthermore, at least by filing and serving the Original Complaint for Patent Infringement in *Azure Networks, LLC, et al. v. Toshiba America Information Systems, Inc., et al.*, Civ. Action No. 6:12-cv-755 (E.D. Texas), Azure has given Defendant written notice of the infringement. Because the '129 Patent, which was

previously asserted against Defendant in *Azure Networks, LLC, et al. v. Toshiba America Information Systems, Inc., et al.*, Civ. Action No. 6:12-cv-755 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of or was willfully blind to knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit. Defendant's infringing activities violate 35 U.S.C. § 271.

## COUNT XI

## DEFENDANT'S WILLFUL INFRINGEMENT

56. Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of this Original Complaint for Patent Infringement gives Defendant actual notice of infringement, and Defendant continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

57. Furthermore, Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of the Original Complaint for Patent Infringement in *Azure Networks, LLC, et al. v. Toshiba America Information Systems, Inc., et al.*, Civ. Action No. 6:12-cv-755 (E.D. Texas) gives Defendant actual notice of infringement, and Defendant continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products including reasonably similar products and systems known to Defendant and variants thereof, and/or continue to induce

others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

58. Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Toshiba America Information Systems, Inc., et al.*, Civ. Action No. 6:12-cv-755 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit.

## DEMAND FOR A JURY TRIAL

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Azure demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

60. WHEREFORE, Azure requests the following relief:

61. A judgment that Defendant has directly infringed and induced the infringement of one or more claims of each of the Asserted Patents;

62. A judgment that Defendant's infringement of the Asserted Patents has been willful;

63. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Azure its attorneys' fees incurred in prosecuting this action;

64. A judgment and order requiring Defendant to pay Azure past and future damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

65. A judgment and order requiring Defendant to pay Azure the costs of this action (including all disbursements);

66. A judgment and order requiring Defendant to pay Azure pre-judgment and post-judgment interest on the damages award; and

67. Such other and further relief as the Court may deem just and proper.

Dated: January 13, 2015

Respectfully submitted,

By:

**Derek Gilliland, Attorney-in-Charge**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**Eric M. Albritton**
Texas State Bar No. 00790215
ema@emafirm.com

**Michael A. Benefield**
Texas State Bar No. 24073408
mab@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

**ATTORNEYS FOR PLAINTIFF
AZURE NETWORKS, LLC.**